UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

NIR MAMAN
on behalf of himself and
all other similarly situated consumers

                      Plaintiff,

    -against-

ASSETCARE, LLC
AND CF MEDICAL, LLC

                      Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Nir Maman seeks redress for the illegal practices of AssetCare, LLC and CF Medical, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant AssetCare, LLC's principal place of business is located in Sherman, Texas.

5. Upon information and belief, Defendant CF Medical, LLC's principal place of business is located in Nevada.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant CF Medical is a debt buyer which buys debts after they are in default.

8. Defendants are "debt collector[s]" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Nir Maman*

11. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

12. On or about August 17, 2021 Defendants sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

13. The said letter claims that the Plaintiff owes a debt in the amount of $996.00 to CF Medical which has purchased the medical debt.

14. The debt was originally purportedly owed to South Nassau Communities Hospital.

15. The charge was for a medical bill due to an accident incurred by the Plaintiff.

16. The Plaintiff claims he does not owe the purported medical bill.

17. Plaintiff dutifully investigated the claim.

18. Plaintiff contacted his health insurance company which indicated to him that the insurance company denied the claim because the claim was supposed to be paid by no fault.

19. Upon information and belief, South Nassau Communities Hospital failed to deal with no fault and just attempt to bill the insurance company instead.

20. The Defendants and South Nassau failed to ensure that the claim was proper.

21. The Plaintiff has suffered damages by having been falsely dunned for a charge he does not owe.

22. Plaintiff called Defendant AssetCare whose collector did not seem to care about Plaintiff's contentions that he did not owe the debt.

23. AssetCare would not acknowledge that the debt is disputed.

24. AssetCare put the burden on the Plaintiff to substantiate his contentions when Plaintiff should not have been dunned in the first place.

25. Plaintiff has been damages by the action of Defendants by being dunned for a debt he does not owe and for attempting to reasonably resolve the debt, and was met by a harassing collector who was not interested in the truth.

26. The said August 17, 2021 letter, instead of it being sent to Plaintiff directly from its own offices, Defendants sent information regarding Plaintiff and the alleged debt to a commercial mail-house ("mail house") purportedly located in California.

27. As such, Defendants had disclosed to the mail house, the Plaintiff's status as a debtor and other highly personal pieces of information especially with the implication that plaintiff was treated for a medical debt.

28. The mail house then populated much of Plaintiff's private information into a pre-written template, printed it, and mailed the letter to the Plaintiff's residence.

29. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

30. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

31. Defendants' communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

32. Plaintiff never consented to having his personal and confidential information, concerning the debt or otherwise, shared with anyone else.

33. Section 15 U.S.C. 1692c(b) of the FDCPA states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the **consumer, his attorney, a consumer reporting agency** if otherwise permitted by law, **the creditor, the attorney of the creditor, or the attorney of the debt collector**." (emphasis added).

34. The mail house used by Defendants as part of their debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

35. Due to Defendants' communication to this mail house, information about the Plaintiff, including his name, the amount allegedly owed, and his home address are all within the possession of an unauthorized third-party.[1]

36. Defendants unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

37. In its reckless pursuit of a business advantage, Defendants disregarded the known,

---

[1] Brown v. Van Ru Credit Corp., 804 F.3d 740, 743 (6th Cir. 2015). If a debt collector ("conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information.")

negative effect that disclosing sensitive and personal information to an unauthorized third-party has on consumers. See Hunstein v. Preferred Collection & Mgmt. Servs., Case No. 8:19-cv-983-T-60SPF (M.D. Fla. Oct. 29, 2019) (Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection.)

38. Defendants violated 15 U.S.C. § 1692c(b) for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt.

39. Defendants violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive and personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

40. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

41. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

42. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

43. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

44. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

46. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

47. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

48. As an actual and proximate result of the acts and omissions of Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

49. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty-one (49) as if set forth fully in this cause of action.

50. This cause of action is brought on behalf of Plaintiff and the members of a class.

51. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 27, 2021; and (a) the collection letter was

sent to a consumer seeking payment of a personal debt owed to South Nassau Communities Hospital; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b), 1692e, 1692e(2)(A), 1692e(10) and 1692f for dunning for a debt which was not owed, for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt and for using misleading means in connection with the collection a debt.

52. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.*, the class members), a matter capable of ministerial determination from the records of Defendants.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

53. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

56. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 27, 2021

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

9

ASESET1-0816-1603345303-00507-507




**ASSETCARE**
2222 Texoma Pkwy, Ste 180
Sherman, TX 75090

| Original Creditor: | South Nassau Physicians Group |
|---|---|
| Current Creditor: | CF Medical LLC |
| Patient: | NIR MAMAN |

| Account # | Date of Service | Balance Due |
|---|---|---|
| 8055636 | 06/01/2020 | $996.00 |

August 17, 2021

## NOTICE OF DEBT

Dear NIR MAMAN:

Your South Nassau Physicians Group account has been sold to CF Medical LLC. CF Medical LLC has placed your account with AssetCare, LLC for collection. All payments and questions should be directed to AssetCare, LLC to ensure prompt service and credit.

We have been authorized to extend to you a special offer to resolve this account for $846.60. This offer will save you 15%. If you choose to accept this offer, payment must be received in this office on or before 09/20/2021.

This offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described on the reverse side. If you do not accept this offer you are not giving up any of your rights regarding this debt.

Office hours are Monday through Thursday 8AM to 7PM, and Friday 8AM to 5PM, Central Time. You may contact us toll-free at 888-993-3596. We offer several payment options. We can take your payment information over the phone or you may mail a check directly to our office or pay your account online.

  assetcarellc.com

**SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**
***Detach Bottom Portion and Return With Payment***

DEPT 688    8568326421080
PO BOX 4115
CONCORD CA 94524

RETURN SERVICE REQUESTED

NIR MAMAN
1342 BOXWOOD DR W
HEWLETT NY 11557-2207

Reference#: 3762026
Account #: 8055636
**Offer Amount Due: $846.60**

AssetCare LLC
Dept. 0540
P.O. Box 120540
Dallas, TX 75312-0540

0100000805563600000996000000084660ZSET18

S8536420507